UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
JOHN PARRIS,

                Plaintiff,

      -against-

CENTRAL PLUMBING AND HEATING SERVICE
CORP. and EDWARD R. KELLY,

                Defendants.
------------------------------------------------------------------- x

ORDER
11-CV-3266 (NGG)

GOLD, STEVEN M., U.S.M.J.:

       By Order dated April 5, 2012, the Honorable Nicholas G. Garaufis referred plaintiff's motion for default judgment to me for a report and recommendation on what damages and other relief, if any, should be awarded. I will consider all previous submissions in determining an award, but request additional submissions, as discussed below.

       First, it is not clear that defendant Edward Kelly was properly served with the summons and complaint. The executed summons indicates that service was effected by leaving a copy of the summons and complaint with a secretary at Central Plumbing and Heating Service Corp. ("Central"). Docket Entry 4. Pursuant to New York law, service may be effected

> by delivering the summons . . . to a person of suitable age and discretion at the actual place of business . . . of the person to be served *and* by either mailing the summons to the person to be served at his or her last known residence or by mailing the summons by first class mail to the person to be served at his or her actual place of business.

N.Y. C.P.L.R. 308(2) (emphasis added). The executed summons does not indicate whether plaintiff completed service by mailing a copy of the summons and complaint.[1] *See* Docket Entries 4, 6 (Brett Affirmation ¶ 2) (stating that the summons

---

[1] This may be due to a simple typo. The summons states that "[o]n July 12, 2011 deponent completed service" by mail, but the box for "MAILED COPY" is not checked.

and complaint "were served personally upon the defendants"). Accordingly, plaintiff shall either submit an amended affidavit of service indicating that the process server mailed the summons and complaint, as required by N.Y. C.P.L.R. 308(2), or attempt to re-serve defendant properly.

Second, plaintiff seeks damages awards in the following amounts: $10,547.65 in overtime wages, an additional $10,547.65 as liquidated damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), $2,636.91 as liquidated damages under New York law, $5,502.90 for spread-of-hours pay under New York law, and $9,745 in attorney's fees, calculated as one-third of the amount of total damages. Docket Entry 6. Although plaintiff's calculations appear to be correct and to have a basis in alleged facts, I nonetheless request additional information. Plaintiff shall submit a letter memorandum of law in support of his proposition that an award of liquidated damages under both New York law and the FLSA for the same unpaid overtime wages is proper. Authority in this Circuit is mixed as to whether a plaintiff may recover liquidated damages under both the federal and state statutes. *Li Ping Fu v. Pop Art Int'l*, 2011 WL 4552436, at *4-5 (S.D.N.Y. Sept. 19, 2011), *adopted as modified by* 2011 WL 6092309 (S.D.N.Y. Dec. 7, 2011) (noting that the "courts in this Circuit are split as to whether a plaintiff may recover both federal and state liquidated damages for the same overtime violation" and declining to award both). With respect to plaintiff's request for attorney's fees, all fee applications must include contemporaneous time records. *See Scott v. City of New York*, 643 F.3d 56, 58-59 (2d Cir. 2011); *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). If plaintiff wishes to press his claim for an award of attorney's fees, he shall submit contemporaneous time records.

Plaintiff shall file his supplemental submission no later than May 4, 2012.  Any submission that defendants wish to make in response is due no later than May 18, 2012.  Any reply that plaintiff wishes to make should be filed by May 25, 2012.

Upon receipt of this Order, plaintiff is hereby directed promptly to serve a copy of this Order, certified mail, return receipt requested, on defendants at their last known addresses, and to provide the court with a copy of the return receipt.

**SO ORDERED.**

_____/s/_____
Steven M. Gold
United States Magistrate Judge

Brooklyn, New York
April 13, 2012

*U:\eoc 2012\inquests\scheduling orders\parris v central plumbing.docx*